

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-22-00309-CV

IN THE MATTER OF THE MARRIAGE OF KARLIE NICOLE HARRIS AND
RODOLFO GUSTAVO ROSA AND IN THE INTEREST OF J.R.H. AND A.R.H

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 15—08449-211, Honorable Bruce McFarling, Presiding

July 14, 2023

MEMORANDUM OPINION[1]

Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

Rodolfo G. Rosa appeals, pro se, from an order dismissing his action to modify earlier divorce and child custody decrees. He and his ex-wife, Karlie Nicole Harris, had two children who were the subjects of the custody decrees. The trial court dismissed the action for want of prosecution. It afforded the parties notice of its intent to do so if they failed to either file a scheduling order by a certain date or appear at the scheduled

---

[1] This appeal was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T ANN. § 73.001. Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

dismissal hearing. They did neither. In response to the dismissal, Rosa appealed and raised issues implicating the absence of geographic restrictions in the earlier custody orders. We affirm.

We review an order dismissing an action for want of prosecution under the standard of abused discretion. *Pence v. S&D Builders, LLC*, No. 07-21-00080-CV, 2021 Tex. App. LEXIS 9916, at *6–7 (Tex. App.—Amarillo Dec. 15, 2021, pet. denied) (mem. op.). A court abuses its discretion when it acts without reference to any guiding rules or principles; that is, when it acts arbitrarily or unreasonably. *Pence*, 2021 Tex. App. LEXIS 9916, at *7. Furthermore, the burden lies with the party complaining of the decision to show this. *Id.* And, Texas Rule of Appellate Procedure 38 requires him to do so through citation to the record and pertinent authority coupled with substantive analysis. TEX. R. APP. PROC. 38.1(i); *Pempsell v. Birt*, No. 02-18-00259-CV, 2019 Tex. App. LEXIS 9579, at *4–5 (Tex. App.—Fort Worth Oct. 31, 2019, no pet.) (mem. op.). Should the rule go unheeded, we deem the issue waived. *Pempsell*, 2019 Tex. App. LEXIS 9579, at *5. Finally, these rules apply equally to those acting pro se. *Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 Tex. App. LEXIS 3870, at *3–4 (Tex. App.—Fort Worth May 7, 2020, no pet.) (mem. op.).

As previously mentioned, Rosa's short brief focused on the underlying merits of his action against his wife, not the validity of the trial court's decision to dismiss the suit for want of prosecution. The latter is before us, not the meritoriousness of the claims asserted against his wife. No legal authority discussing when and why a trial court may exercise its authority to enter an order like that here was mentioned in the brief. Nor did he provide us with substantive analysis explaining how or why the trial court acted

2

improperly by dismissing the suit.  Thus, he waived any complaint he may have had about the dismissal, which, in turn, bars us from concluding that the trial court erred in dismissing the suit.

We overrule Rosa's issues and affirm the order of dismissal for want of prosecution.

Brian Quinn
Chief Justice